IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:21-cv-00069-MOC-WCM

| | | |
|---|---|---|
| HANNAH R. GREEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | DEFENDANT'S ANSWER TO FIRST |
| | ) | AMENDED COMPLAINT |
| MOOG MUSIC, INC., a North Carolina Corporation | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Defendant Moog Music, Inc. ("Defendant"), by and through its undersigned attorneys, respond to Plaintiff's First Amended Complaint (Dkt. 14) as follows:

**NATURE OF THE CASE**

1.     Defendant admits that Plaintiff seeks the relief described in the first sentence of Paragraph 1 of the First Amended Complaint, but denies that Plaintiff is entitled to such relief.   Defendant denies the remaining allegations contained in Paragraph 1 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 1 of the First Amended Complaint are denied.

2.     Defendant admits that it hired Plaintiff in February of 2018. Defendant admits that Plaintiff alleges claims of gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. § 2000e, *et seq.*  Defendant denies the remaining allegations contained in Paragraph 2 of the

First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 2 of the First Amended Complaint are denied.

3. Defendant admits that during Plaintiff's employment, it had between 96 and 137 employees depending on the workweek. Defendant denies the remaining allegations contained in Paragraph 3 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 3 of the First Amended Complaint are denied.

4. Defendant denies the allegations contained in Paragraph 4 of the First Amended Complaint.

5. Defendant admits that Plaintiff alleges a claim for breach of contract under North Carolina common law. Defendant denies the remaining allegations contained in Paragraph 5 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 5 of the First Amended Complaint are denied.

6. Defendant admits that Plaintiff alleges a claim for negligent infliction of emotional distress. Defendant denies the remaining allegations contained in Paragraph 6 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 6 of the First Amended Complaint are denied.

7. Defendant admits that Plaintiff alleges a claim for wrongful discharge. Defendant denies the remaining allegations contained in Paragraph 7 of

the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 7 of the First Amended Complaint are denied.

8.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint, and they, therefore are denied.  Except as expressly admitted, the allegations contained in Paragraph 8 of the First Amended Complaint are denied.

## JURISDICTION AND VENUE

9.     Defendant, upon information and belief, admits the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     Paragraph 10 is a legal conclusion to which no response is required.  Defendant does not contest the Court's subject matter jurisdiction or venue in this action.  Except as expressly admitted, the allegations contained in Paragraph 10 of the First Amended Complaint are denied.

11.     Paragraph 11 is a legal conclusion to which no response is required.  Defendant does not contest supplemental jurisdiction in this matter. Except as expressly admitted, the allegations contained in Paragraph 11 of the First Amended Complaint are denied.

12.     Defendant admits that it is a North Carolina corporation with its principal place of business located at 160 Broadway Street, Asheville, North Carolina 28801.  Defendant denies the remaining allegations contained in Paragraph 12 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 12 of the First Amended Complaint are denied.

3

13.     Paragraph 13 is a legal conclusion to which no response is required.  To the extent a response is required, the allegations of Paragraph 13 of the First Amended Complaint are admitted, upon information and belief.

14.     Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC.  Paragraph 14 of the First Amended Complaint refers to the contents of a written document, which is the best evidence of its content.  Defendant denies the allegations of Paragraph 14 of the First Amended Complaint to the extent that they are inconsistent with the written document.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 14 of the First Amended Complaint, and they, therefore, are denied.  Except as expressly admitted, the allegations contained in Paragraph 14 of the First Amended Complaint are denied.

15.     Paragraph 15 is a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 15 of the First Amended Complaint are denied.

## FACTUAL ALLEGATIONS

16.     Defendant incorporates by reference its responses and denials to the preceding Paragraphs. Defendant admits that Plaintiff was hired by Moog on or around February 5, 2018 as a "Sales Assistant" with a 90-day "Introductory Period." Defendant denies the remaining allegations contained in Paragraph 16 of the First Amended Complaint.  Except as expressly admitted, the allegations contained in Paragraph 16 of the First Amended Complaint are denied.

4

17. Defendant admits that Linda Lafferty ("Ms. Lafferty") was Plaintiff's supervisor from February of 2018 until February of 2019, and that during that time Ms. Lafferty held the title of Sales Director. Defendant denies the remaining allegations contained in Paragraph 17 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 17 of the First Amended Complaint are denied.

18. Defendant admits that during her employment with Defendant, Plaintiff's job title never changed from "Sales Assistant." Defendant further admits that in this role, Plaintiff performed some customer service functions, order entry functions, answered phone calls, responded to customer emails, and provided event coordination and general administrative support and assistance for the sales department employees. Defendant denies the remaining allegations contained in Paragraph 18, including all subparts of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 18 of the First Amended Complaint are denied.

19. Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20. Defendant admits that it created a Workplace Experience Department in January of 2019, which provided Human Resources functions to Defendant's organization. Defendant further admits that Ms. Lafferty was named Director of that Department. Defendant denies the remaining allegations contained in Paragraph 20, including all subparts of the First Amended Complaint. Except as

5

expressly admitted, the allegations contained in Paragraph 20 of the First Amended Complaint are denied.

21.     Defendant admits that in January of 2019, Andrew Stryffeler ("Mr. Stryffeler") and Nick Valente ("Mr. Valente") were named the Sales Directors for Defendant's Domestic Sales and International Sales Departments, respectively, and that both had previously held positions of Sales Account Manager. Defendant denies the remaining allegations contained in Paragraph 21. Except as expressly admitted, the allegations contained in Paragraph 21 of the First Amended Complaint are denied.

22.     Defendant admits that Plaintiff did not attend the North American Modular ("NAMM") event in Los Angeles, and Scott Brandon ("Mr. Brandon") attended the NAMM event. Defendant denies the remaining allegations contained in Paragraph 22. Except as expressly admitted, the allegations contained in Paragraph 22 of the First Amended Complaint are denied.

23.     Defendant admits that it reassigned the small number of accounts that were assigned to Plaintiff to other Account Managers. Defendant denies the remaining allegations contained in Paragraph 23. Except as expressly admitted, the allegations contained in Paragraph 23 of the First Amended Complaint are denied.

24.     Defendant denies that Plaintiff was demoted. Defendant denies that Mr. Stryffeler made the comment attributed to him in Paragraph 24 of the First Amended Complaint. Defendant is without sufficient information or knowledge to

6

form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the First Amended Complaint, and they, therefore, are denied. Except as expressly admitted, the allegations contained in Paragraph 24 of the First Amended Complaint are denied.

25.     Defendant denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26.     Defendant admits that in or around January of 2019, Mr. Brandon was promoted to the position of International Account Manager. Defendant denies the remaining allegations contained in Paragraph 26. Except as expressly admitted, the allegations contained in Paragraph 26 of the First Amended Complaint are denied.

27.     Defendant denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint, and they, therefore, are denied. Except as expressly admitted, the allegations contained in Paragraph 28 of the First Amended Complaint are denied.

29.     Defendant denies the allegations contained in Paragraph 29 of the First Amended Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the First Amended Complaint.

31.     Defendant admits that Plaintiff requested that her work scheduled be changed from 9 AM-5PM to 8AM-4PM, which request, Defendant allowed.  Defendant denies the remaining allegations contained in Paragraph 31 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 31 of the First Amended Complaint are denied.

32.     Defendant denies that Plaintiff reported the interaction described in Paragraph 32 of First Amended Complaint to Ms. Lafferty. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the First Amended Complaint, and they, therefore, are denied.  Except as expressly admitted, the allegations contained in Paragraph 32 of the First Amended Complaint are denied.

33.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint, and they, therefore, are denied.  Except as expressly admitted, the allegations contained in Paragraph 33 of the First Amended Complaint are denied.

34.     Defendant admits that Plaintiff discussed an interaction that occurred between her and Mr. Brandon with Ms. Lafferty on or around September 18, 2019.  Defendant denies the remaining allegations contained in Paragraph 34. Except as expressly admitted, the allegations contained in Paragraph 34 of the First Amended Complaint are denied.

35.     Defendant admits that a meeting was held with Plaintiff, Ms. Lafferty, Mr. Valente, and Mr. Brandon following an investigation of Plaintiff's allegations against Mr. Brandon, and that Plaintiff was given the option to move her desk away from Mr. Brandon, but she ultimately declined the option to relocate. Defendant denies the remaining allegations contained in Paragraph 35, including all subparts.  Except as expressly admitted, the allegations contained in Paragraph 35, including all subparts of the First Amended Complaint are denied.

36.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36 of the First Amended Complaint, and they, therefore, are denied.  Except as expressly admitted, the allegations contained in Paragraph 36 of the First Amended Complaint are denied.

37.     Defendant denies the allegations contained in Paragraph 37 of the First Amended Complaint.

38.     Defendant admits that it hired Joe Richardson in May of 2019 as its Chief Marketing Officer ("CMO") and that the sales department reports to him. Defendant further admits that Mr. Valente was promoted to Vice President after Mr. Richardson was hired.  Defendant denies the remaining allegations contained in Paragraph 38.  Except as expressly admitted, the allegations contained in Paragraph 38 of the First Amended Complaint are denied.

39.     Defendant denies the allegations contained in Paragraph 39 of the First Amended Complaint are denied.

40.     Defendant denies the allegations contained in Paragraph 40 of the First Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the First Amended Complaint.

42.     Defendant admits that Ms. Green was instructed that she was to begin training a new employee based in Europe, Doom Christ, who was hired in the role of "Sales Operations Europe." Defendant denies the remaining allegations contained in Paragraph 42.  Except as expressly admitted, the allegations contained in Paragraph 42 of the First Amended Complaint are denied.

43.     Defendant admits that Plaintiff met with Joe Richardson ("Mr. Richardson") in January of 2020, and then again two more times in the period from January to March of 2020.  Defendant denies the remaining allegations contained in Paragraph 43.  Except as expressly admitted, the allegations contained in Paragraph 43 of the First Amended Complaint are denied.

44.     Defendant admits that in January of 2020, Plaintiff met with Mr. Richardson and discussed the tasks and duties she performed with Defendant. Defendant denies the remaining allegations contained in Paragraph 44.  Except as expressly admitted, the allegations contained in Paragraph 44 of the First Amended Complaint are denied.

45.     Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the First Amended Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the First Amended Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49.     Defendant admits that in January of 2020, Plaintiff again met with Mr. Richardson and discussed the tasks and duties she performed with Defendant.  Defendant denies the remaining allegations contained in Paragraph 49. Except as expressly admitted, the allegations contained in Paragraph 49 of the First Amended Complaint are denied.

50.     Defendant denies the allegations contained in Paragraph 50 of the First Amended Complaint.

51.     Defendant admits that Plaintiff met with Ms. Lafferty to request a meeting with Mr. Richardson towards the end of February. Defendant denies the remaining allegations contained in Paragraph 51.  Except as expressly admitted, the allegations contained in Paragraph 51 of the First Amended Complaint are denied.

52.     Defendant admits that Plaintiff met with Ms. Lafferty and Mr. Richardson.   Defendant denies the remaining allegations contained in Paragraph 52. Except as expressly admitted, the allegations contained in Paragraph 52 of the First Amended Complaint are denied.

53.     Defendant admits that Mr. Richardson and Ms. Lafferty informed Plaintiff that she would be made aware if the Sales Operations Manager position was posted. Defendant denies the remaining allegations contained in Paragraph 53. Except as expressly admitted, the allegations contained in Paragraph 53 of the First Amended Complaint are denied.

54.     Defendant denies the allegations contained in Paragraph 54 of the First Amended Complaint.

55.     Defendant admits that Plaintiff spoke with Ms. Lafferty on or around April 16, 2020, concerning her role within the Sales Department. Defendant denies the remaining allegations contained in Paragraph 55. Except as expressly admitted, the allegations contained in Paragraph 55 of the First Amended Complaint are denied.

56.     Defendant admits the allegations contained in Paragraph 56 of the First Amended Complaint.

57.     Defendant admits that on April 23, 2020, Plaintiff was informed of her position elimination and termination from employment in a meeting with Mr. Valente and Ms. Lafferty. By way of further response, Defendant admits that in this meeting a discussion was had concerning Plaintiff receiving severance pay, provided she stay with Defendant until August 1, 2020 and executed certain severance documents. Defendant memorialized this correspondence in written correspondence that it sent Plaintiff. Defendant denies the remaining allegations contained in

12

Paragraph 57 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 57 of the First Amended Complaint are denied.

58. Defendant denies the allegations contained in Paragraph 58 of the First Amended Complaint.

59. Defendant admits that Plaintiff continued working for Defendant until August 1, 2020. Defendant denies the remaining allegations contained in Paragraph 59 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 59 of the First Amended Complaint are denied.

60. Defendant admits that Plaintiff emailed Mike Adams ("Mr. Adams"), Defendant's President, on April 28, 2020 to report allegations of alleged discrimination and unfair treatment. Defendant admits that Mr. Adams responded to Plaintiff and informed her that the matter had been referred to Ms. Lafferty. Defendant denies the remaining allegations contained in Paragraph 60 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph of 60 the First Amended Complaint are denied.

61. Defendant admits that Ms. Lafferty investigated Plaintiff's complaints that she made to Mr. Adams, however, Plaintiff repeatedly refused to make herself available to participate in the investigation. Defendant denies the remaining allegations contained in Paragraph 61 of the First Amended Complaint. Except as expressly admitted, the allegations contained in Paragraph 61 of the First Amended Complaint are denied.

62.     Defendant denies the allegations contained in Paragraph 62 of the First Amended Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the First Amended Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the First Amended Complaint.

65.     Defendant admits that Plaintiff was terminated because her position was dissolved.  Defendant further admits that it offered Plaintiff the opportunity to apply for other positions within its organization as they opened, which Plaintiff refused.   Defendant denies the remaining allegations contained in Paragraph 65 of the First Amended Complaint.  Except as expressly admitted, the allegations contained in Paragraph 65 of the First Amended Complaint are denied.

66.     Defendant denies the allegations contained in Paragraph 66 of the First Amended Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the First Amended Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the First Amended Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the First Amended Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the First Amended Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the First Amended Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the First Amended Complaint.

**First Cause of Action**
**Discrimination on the Basis of Sex in Violation**
**of Title VII (42 U.S.C. § 2000e, *et seq*.)**

73.     Defendant incorporates by reference its responses to the previous paragraphs.

74.     Defendant denies the allegations contained in Paragraph 74 of the First Amended Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the First Amended Complaint.

77.     Paragraph 77 is a statement of law to which no response is needed or required.  To the extent a response is required, Defendant denies the allegations of Paragraph 77 of the First Amended Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the First Amended Complaint.

**Second Cause of Action**
**Violations of Title VII 42 U.S.C. § 2000e-3(a)**
**Retaliation Against Plaintiff for Engaging in Protected Activity**

79.     Defendant incorporates by reference its responses to the previous paragraphs.

80.     Defendant denies the allegations contained in Paragraph 80 of the First Amended Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of the First Amended Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of the First Amended Complaint.

83.     Paragraph 83 is a statement of law to which no response is needed or required.  To the extent a response is required, Defendant denies the allegations of Paragraph 83 of the First Amended Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the First Amended Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of the First Amended Complaint.

## Third Cause of Action
## Common Law Breach of Contract

86.     Defendant incorporates by reference its responses to the previous paragraphs.

87.     Defendant denies the allegations contained in Paragraph 87 of the First Amended Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the First Amended Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the First Amended Complaint.

## Fourth Cause of Action
## Negligent Infliction of Emotional Distress

90.     Defendant incorporates by reference its responses to the previous paragraphs.

91.     Defendant denies the allegations contained in Paragraph 91 of the First Amended Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the First Amended Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the First Amended Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of the First Amended Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the First Amended Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the First Amended Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of the First Amended Complaint.

## Fifth Cause of Action
## Wrongful Discharge

98.     Defendant incorporates by reference its responses to the previous paragraphs.

99.     Paragraph 99 is a statement of law to which no response is needed or required.  To the extent a response is required, Defendant denies the allegations of Paragraph 99 of the First Amended Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of the First Amended Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the First Amended Complaint.

## Separate and Affirmative Defenses

By way of further Answer to the First Amended Complaint, Defendant sets for the following separate and affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is barred or limited because Defendant did not breach any contract with Plaintiff, express or implied, or any duty of good faith and fair dealing.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is barred or limited because Plaintiff failed to satisfy a condition precedent.

## THIRD AFFIRMATIVE DEFENSE

Defendant pleads as affirmative defenses waiver, equitable estoppel, and laches.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages, which Defendant denies, Plaintiff's recovery should be reduced or eliminated due to Plaintiff's failure to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is not the proximate cause of the damages alleged by Plaintiff, and Defendant is therefore not liable for any of Plaintiff's alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, any alleged damages incurred by Plaintiff arose as a result of acts or omissions of parties or persons over which Defendant had no control or who exceeded the scope of their authority. The acts or omissions of others were superseding and/or intervening proximate cause(s) of any damages claimed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads all defenses, amenities and limits set out in Chapter 1D of the North Carolina General Statutes as affirmative defense in bar or limitation of Plaintiff's right to recover punitive damages herein.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint seeks an award of punitive damages that is subject to the provisions of N.C. Gen. Stat. § 1D-45. Plaintiff's claim for punitive damages is one that Plaintiff knows or should know to be frivolous or malicious. Defendant hereby gives notice that it will seek an award of reasonable attorneys' fees

resulting from the defense against the punitive damages claim asserted by Plaintiff, and to the extent any damages may be awarded to Plaintiff as compensatory damages, that Defendant will seek to have such an award be set off against the attorneys' fees sought herein.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief and other equitable relief are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads as a bar to Plaintiff's First and Second claim for relief a failure to exhaust administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff for any alleged violation of Title VII, because Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant or otherwise to avoid the harm. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807-808 (1998) and *Burlington Indus.*, *Inc. v. Ellerth*, 524 U.S. 742, 764-65 (1998).

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is not liable for any alleged violation of Title VII in the form of discrimination or retaliation. All actions taken by Defendant and its agents, if any, with respect to the Defendant's employment of Plaintiff were taken exclusively for

legitimate, non-discriminatory reasons.  The Court therefore cannot properly infer that any such actions were motivated by unlawful discrimination.

## THIRTEENTH AFFIRMATIVE DEFENSE

Assuming *arguendo* that Defendant was negligent in any way as to Plaintiff, then Defendant cannot be held liable to Plaintiff for the consequences of such alleged negligence as a result of the contributory negligence of Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's state law claims are preempted by Federal law and therefore should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Title VII claims are barred in whole or in part by the same actor inference in that the same individual who hired Plaintiff was also responsible for the decision to terminate her employment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Title VII claims are barred in whole or in part by the fact that Defendant's decision maker is in the same protected class as Plaintiff. *Castaneda v. Partida*, 430 U.S. 482, 499 (1977).

## NON-WAIVER OF ADDITIONAL DEFENSES

Defendant hereby gives notice that it intends to rely upon such other defenses and/or claims as may be discovered or become available or appear during discovery

in this case or otherwise, and hereby reserves the right to amend this Answer and its affirmative defenses as necessary.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

1. That Plaintiff have and recover nothing of Defendant and that the First Amended Complaint be dismissed with prejudice.

2. That the costs of this action, including Defendant's reasonable attorneys' fees and costs be taxed against Plaintiff.

3. That Defendant has a trial by jury on all issues so triable.

4. For such other and further relief as to the Court seems just and proper and the nature of the case demands.

This the 8th day of June, 2021.

> /s/Hayley R. Wells
> N.C. State Bar I.D. No.: 38465
> email: docket@wardandsmith.com
> email: hrw@wardandsmith.com
> Xavier D. Lightfoot
> N.C. State Bar I.D. No.: 54900
> email: xdlightfoot@wardandsmith.com
> For the firm of
> Ward and Smith, P.A.
> Post Office Box 2020
> Asheville, NC 28802-2020
> Telephone: 828.348.6070
> Facsimile: 828.348.6077
> Attorneys for Defendant
> Moog Music, Inc.

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.