IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:21-cv-00069-MOC-WCM

| | | |
|---|---|---|
| HANNAH R. GREEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | DEFENDANT'S MEMORANDUM OF |
| | ) | LAW IN SUPPORT OF MOTION TO |
| MOOG MUSIC, INC., a North | ) | DISQUALIFY |
| Carolina Corporation | ) | |
| | ) | |
| Defendant | ) | |

Defendant Moog Music, Inc. ("Moog"), by and through the undersigned counsel, hereby submits this Memorandum of Law in Support of Motion to Disqualify.

## NATURE OF THE CASE

On March 16, 2021, Plaintiff filed this action against Moog, based on the termination of her employment as a Sales Assistant asserting claims under Title VII for discrimination and retaliation and various state law claims. (Dkt. 1). On April 28, 2021, Moog moved to dismiss five of Plaintiff's six claims for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 8). On May 25, 2021, following Plaintiff's request for an extension of time to respond to Defendant's Motion to Dismiss (Dkt. 10), Plaintiff moved for leave to amend her Complaint. (Dkt. 11). The Court granted Plaintiff leave to amend her Complaint. (Dkt. 15).

Plaintiff's First Amended Complaint (Dkt. 14) removed her state law claim for discrimination on the basis of sex in violation of the North Carolina Equal

Employment Practices Act ("NCEEPA"), and purports to assert five claims: (1) discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) retaliation in violation of Title VII; (3) breach of contract; (4) negligent infliction of emotional distress; and (5) wrongful discharge. (Dkt. 14).

On June 8, 2021, Moog filed its Answer to the First Amended Complaint denying the allegations raised in the First Amended Complaint and asserting sixteen affirmative defenses. (Dkt. 16). Through conducting some initial investigation of the facts alleged in the First Amended Complaint, the undersigned has determined that Plaintiff's counsel, Sean D. Soboleski ("Mr. Soboleski") is a necessary witness as it relates to contested issues that are the subject of Plaintiff's claims for discrimination and retaliation under Title VII and for negligent infliction of emotional distress. Moog is moving the Court to disqualify Mr. Soboleski as Plaintiff's counsel. Moog submits this Memorandum of Law in Support of its Motion to Disqualify Plaintiff's counsel.

## STATEMENT OF RELEVANT FACTS

In Plaintiff's First Amended Complaint, Plaintiff's allegations of discrimination and retaliation under Title VII and negligent infliction of emotional distress rest in part on the allegation that a co-worker, Scott Brandon ("Mr. Brandon"), "verbally berated and physically intimidated Ms. Green at a work event. . . . The interaction included Brandon physically putting his hand on Ms. Green in an aggressive manner while sitting across a small table screaming at her . . . . This entire confrontation went on for approximately one hour." (Dkt. 14, ¶ 33). Following an initial investigation of this matter, the undersigned has recently learned that

Plaintiff's counsel is engaged[1] to or possibly married to Plaintiff[2] and was one of four individuals present for the event alleged in Paragraph 33 of the First Amended Complaint. The other three individuals who were present include Plaintiff, Mr. Brandon and another employee of Moog. Plaintiff alleges that the interaction with Mr. Brandon at the alleged "work event" resulted in her suffering emotional distress. (*Id.*) As part of the discovery process, the undersigned intends to interview or depose all witnesses that have material, relevant, and necessary information regarding the contested legal issues raised in Plaintiff's First Amended Complaint, which includes the allegations of Paragraph 33 of the First Amended Complaint. Such witnesses include all individuals that were present at the alleged "work event," including Plaintiff and her counsel, Mr. Soboleski.

**LEGAL STANDARD APPLIED TO DETERMINE NECESSARY WITNESS**

The North Carolina Rules of Professional Conduct prohibit lawyers from advocating in a trial in which they are likely to be a "necessary witness." N.C. Rev. R. Prof. Conduct 3.7; *Braun v. Trust Development Group, LLC*, 213 N.C. App. 606, 610, 713 S.E.2d 528, 531 (2011). The North Carolina State Bar has deemed a "necessary" witness to mean one whose testimony is "relevant, material, and unobtainable by other means." 2011 Formal Ethics Opinion 1 (April 22, 2011). *See also State v. Rogers,* 219 N.C. App. 296, 304, 725 S.E.2d 342, 348 (2012).

---

[1] https://www.zola.com/wedding/hannahandseannovember1, hereinafter referred to as **Exhibit "A"**.

[2] Plaintiff refers to herself on at least one social media website as "Hannah Soboleski." *See* https://www.facebook.com/hannah.hematti.1, hereinafter referred to as **Exhibit "B"**.

3

An attorney only needs to be aware of some portions of the issues at hand on which he can uniquely testify in order to be considered a necessary witness under the rule. As little as a determination that an attorney "may have relevant information" regarding a legal issue at hand, learned prior to representing the client, is enough to deem an attorney a material and necessary witness. *Robinson & Lawing, L.L.P. v. Sams*, 161 N.C. App. 338, 340, 587 S.E.2d 923, 925 (2003); *see also State v. Rogers*, 219 N.C. App. 296, 304, 725 S.E.2d 342, 348 (2012).

I. **Mr. Soboleski's Testimony is Material, Relevant, and Necessary.**

Mr. Soboleski's relationship with Plaintiff and his presence at the alleged "work event" as described in the First Amended Complaint makes clear that he has relevant information regarding contested issues in the instant action rendering him a necessary and material witness in the case. For example, in *Robinson & Lawing, L.L.P. v. Sams*, the North Carolina Court of Appeals held that the trial court did not abuse its discretion in disqualifying the defendant's counsel because he had relevant information concerning the defendant's lawsuit. 161 N.C. App. at 340-41, 587 S.E.2d at 925. *Sams* involved a plaintiff's law firm that moved to disqualify the defendant's attorney due to discussions the attorney had with the defendant prior to his engagement as her counsel in the underlying lawsuit. *Id.* at 339, 587 S.E.2d at 924. Based on the plaintiff's motion, in which it "considered defense counsel a necessary and material witness, and stated its intention to call defense counsel as a witness during the trial[,]" the trial court disqualified the defendant's counsel. *Id.* at 340-41, 587 S.E.2d at 925. The court reasoned that the trial court did not abuse its discretion

4

when it disqualified the defendant's counsel under Rule 3.7 of the North Carolina Rules of Professional Conduct because the defendant did not argue an applicable exception under Rule 3.7. *Id.* at 341, 587 S.E.2d at 925.

Like the plaintiff's counsel in *Sams*, here, the undersigned considers Mr. Soboleski a necessary and material witness and intends to call Mr. Soboleski as a witness during the trial of this matter. Mr. Soboleski's intimate relationship with Plaintiff caused him to be present at the alleged "work event" where Plaintiff alleges she was harassed and touched in an aggressive and unwanted manner by Mr. Brandon. (Dkt. 14, ¶ 33). The alleged event occurred on September 17, 2019, well before Ms. Green would have engaged Mr. Soboleski as counsel. The undersigned should be free to explore everything that he observed and discussed with Ms. Green about that event and to potentially cross-examine him at trial about what he saw and how he and others at the event responded.

Because Mr. Soboleski "may have relevant information" regarding factual issues alleged in this present action, the Court should deem him a material and necessary witness and disqualify him from representing Plaintiff in this action. *See Robinson & Lawing, L.L.P. v. Sams,* 161 N.C. App. 338, 340, 587 S.E.2d 923, 925 (2003); *see also State v. Rogers,* 219 N.C. App. 296, 304, 725 S.E.2d 342, 348 (2012).

**II.    Mr. Soboleski Cannot Serve as Both Advocate and Witness.**

Rule 3.7 of the North Carolina Revised Rules of Professional Conduct provides:

> a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;

5

Case 1:21-cv-00069-MOC-WCM   Document 18   Filed 06/23/21   Page 5 of 10

> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

N.C. Rev. R. Prof. Conduct 3.7.

The genesis for this rule is the substantial interest the courts possess in conducting a fair and unbiased legal proceeding. *State v. Taylor*, 155 N.C. App. 251, 255, 574 S.E.2d 58, 62 (2002). "If [an attorney is] *likely* to be [a] necessary witness[ ] on a contested issue, then [he or she may be] disqualified pursuant to Rule 3.7." *In re Se. Eye Ctr.-Pending Matters*, No. 15 CVS 1648, 2020 WL 509550, at *2 (N.C. Super. Jan. 30, 2020). "Rule 3.7 prohibits a lawyer from simultaneously serving [as both an advocate and witness] because '[c]ombining the role of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.'" Id. (*quoting Harris & Hilton, P.A. v. Rassette*, 252 N.C. App. 280, 283, 798 S.E.2d 154, 157 (2017) (quoting N.C. Rev. R. Prof. Conduct 3.7, cmt. 1)). "Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses." N.C. Rev. R. Prof. Conduct 3.7, cmt. 4.

As set forth in the comments to Rule 3.7, "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." N.C. Rev. R. Prof. Conduct 3.7, cmt. 1. When the jurors know an attorney has personal knowledge relevant to a case,

it may not be clear whether that attorney's statements should be taken as proof or advocacy. N.C. Rev. R. Prof. Conduct 3.7, cmt. 2. This creates ambiguities which are unacceptable in a trial setting.

Here, it is undisputed that, at the very least, Mr. Soboleski was present for events alleged in the First Amended Complaint, including when Mr. Brandon allegedly touched Plaintiff in an aggressive and unwanted manner as described in Paragraph 33 of the First Amended Complaint. Accordingly, it is likely that (1) Mr. Soboleski will be a necessary witness at trial; (2) his testimony will encompass material, disputed issues; and (3) none of the exceptions set forth in N.C. Rev. R. Prof. Conduct 3.7(a) are applicable. Accordingly, he should be disqualified from representing Plaintiff in this matter. *Harris & Hilton, P.A.*, 252 N.C. App. 280, 284.

The facts that have been developed in this case demonstrate that Mr. Soboleski is someone Plaintiff will likely call to substantiate the allegations raised in Paragraph 33 of the First Amended Complaint as well as her claims of alleged emotional distress. The undersigned intends to depose Mr. Soboleski in discovery and cross-examine him at the trial of this matter because he has information from and about Plaintiff as a result of his intimate relationship with her and presence at the alleged "work event." As explained in the comment to Rule 3.7, "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." N.C. Rev. R. Prof.

7

Case 1:21-cv-00069-MOC-WCM   Document 18   Filed 06/23/21   Page 7 of 10

Conduct 3.7, cmt. 2. Mr. Soboleski should not be allowed to continue to serve as both witness and advocate.

Here, Mr. Soboleski does not fall within any of the exceptions to Rule 3.7. Mr. Soboleski's testimony relates to contested issues because Moog denies Plaintiff's allegations that relate to the alleged "work event." (Dkt. 16, ¶¶ 73-85; 90-97). Mr. Soboleski's testimony focuses on his personal knowledge as to what he witnessed between Plaintiff and Mr. Brandon at the alleged "work event" and not the nature and value of legal services rendered in the case. Additionally, Mr. Soboleski's disqualification as Plaintiff's counsel would not work a substantial hardship to Plaintiff because the procedural posture of the present matter is at an early stage of the litigation, and the parties have yet to begin discovery. Plaintiff has ample time to secure alternate counsel.

Furthermore, the ambiguities of the dual role are prevalent. Any question Mr. Soboleski poses of a witness has the potential to be taken as proof. For example, if Mr. Soboleski asks a witness whether he or she believes Mr. Brandon harassed or touched Plaintiff at the alleged "work event" or cross-examines Mr. Brandon about Mr. Soboleski's presence at the event and his response to Mr. Brandon or Ms. Green, the jurors may infer that Mr. Soboleski knows this to be true or has additional information about the event. This is improper, and Mr. Soboleski should not be allowed to essentially offer evidence from the counsel table by inquiring on subjects on which the jurors may imply he has personal knowledge.

This is the basis for the rule against serving as an advocate and a witness. Its application is clear here and disqualification is necessary to prevent further harm.

## CONCLUSION

Rule 3.7 of the North Carolina Revised Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness[,]" unless a Rule 3.7 exception applies. Mr. Soboleski is a necessary witness because he may have relevant information as to contested issues underlying Plaintiff's claims. There is no applicable Rule 3.7 exception for Mr. Soboleski to evade the prohibition that he cannot act as advocate at a trial in which he will be a necessary witness. Because it would be contrary to the governing ethical rules, unfair, and prejudicial for Mr. Soboleski to be allowed to continue serving as Plaintiff's counsel in this case, the Court should grant Defendant's Motion to Disqualify Mr. Soboleski and Soboleski Law, P.L.L.C. d/b/a The Law Office of Sean D. Soboleski.

This the 23rd day of June, 2021.

*/s/Hayley R. Wells*
Hayley R. Wells
N.C. State Bar I.D. No.: 38465
email: docket@wardandsmith.com*
email: hrw@wardandsmith.com**
Xavier D. Lightfoot
N.C. State Bar I.D. No.: 54900
email: xdlightfoot@wardandsmith.com**
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
Attorneys for Defendant
Moog Music, Inc.

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.


ND: 4827-6965-5023, v. 2

10
Case 1:21-cv-00069-MOC-WCM   Document 18   Filed 06/23/21   Page 10 of 10