IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00069-MOC-WCM

HANNAH R. GREEN,        )
                        )
        Plaintiff,      )       ORDER
v.                      )
                        )
MOOG MUSIC, INC.        )
                        )
        Defendant.      )
                        )

Before the Court is a Motion to Disqualify (the "Motion to Disqualify," Doc. 17), filed by Defendant Moog Music, Inc., which requests an order disqualifying Plaintiff's counsel Sean D. Soboleski.

I. Procedural Background

On March 16, 2021, Plaintiff filed her original Complaint. Doc. 1.

On April 28, 2021, Defendant filed a partial motion to dismiss along with a supporting memorandum. Docs. 8 & 9.

On May 25, 2021, Plaintiff filed an unopposed motion seeking leave to amend her Complaint. Plaintiff also filed a Verified Amended Complaint. Docs. 11 & 14.

Plaintiff's motion to amend was granted the following day and Defendant's partial motion to dismiss was denied as moot. Doc. 15.

Defendant answered on June 8, 2021. Doc. 16.

1

On June 23, 2021, Defendant filed the Motion to Disqualify along with a supporting brief. Docs. 17 & 18. Plaintiff has responded, Doc. 20, and Defendant has replied. Doc. 21.

In addition, the undersigned conducted a hearing on the Motion to Disqualify on August 17, 2021. Mr. Soboleski appeared for Plaintiff and attorney Haley Wells appeared for Defendant.

II. **Discussion**

Rule 3.7 of the North Carolina Rules of Professional Conduct provides as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Defendant argues that the application of Rule 3.7 requires the disqualification of Mr. Soboleski in this matter.

### A. Ripeness

As discussed further below, Rule 3.7 pertains to an attorney appearing as an advocate and witness "at a trial." Consequently, an initial question presented here is whether the Motion to Disqualify is premature.

Since Defendant seeks the complete and immediate disqualification of Plaintiff's counsel, it is necessary to provide the parties with some guidance on this issue as they proceed into discovery and toward trial.

Therefore, the undersigned concludes that a ruling on the Motion to Disqualify is appropriate at this time.

### B. Necessary Witness

In her Amended Complaint, Plaintiff asserts claims for discrimination on the basis of sex in violation of Title VII, retaliation in violation of Title VII, breach of contract, negligent infliction of emotional distress, and wrongful discharge. These claims are based on alleged conduct by personnel associated with Defendant and actions taken in relation to Plaintiff and her employment by Defendant. Among other things, Plaintiff alleges that she was verbally and physically intimidated by one of her coworkers, Scott Brandon, during a "work event" that occurred on September 17, 2019 (the "September 2019 Event"). Doc. 14, ¶33 at 15-16.

Defendant contends that Plaintiff's counsel is engaged or possibly married to Plaintiff and was present at the September 2019 Event. Defense

counsel further states that she intends to interview or depose all persons who were present at the September 2019 Event, including Plaintiff and Mr. Soboleski. Defendant also believes that Mr. Soboleski will be a potential witness regarding Plaintiff's claim for emotional distress. Consequently, Defendant contends that Mr. Soboleski will be a "necessary witness" for purposes of Rule 3.7.

Mr. Soboleski disagrees. While his written response to the Motion to Disqualify was somewhat equivocal as to his relationship with Plaintiff, during the hearing he advised that he was not disputing the relationship but nonetheless argued that he would not be a "necessary witness."[1]

"A witness's testimony is 'necessary' within the meaning of the rule when it is relevant, material, and unobtainable by other means." USA v. Wells, No. 3:19-CR-00180-RJC-DSC, 2019 WL 6040785, at *2 (W.D.N.C. Nov. 14, 2019) (citing State v. Smith, 749 S.E.2d 507, 510 (N.C. Ct. App. 2013) (internal quotation marks and citation omitted)); North Carolina State Bar, 2011 Formal Ethics Opinion 1 ("It is generally agreed that when the anticipated

---

[1] During the hearing, Mr. Soboleski also made an oral motion to exclude at trial any mention of his relationship with Plaintiff, his presence at events mentioned in the Amended Complaint, and his relationship with Defendant's employees. The undersigned denied that oral motion without prejudice and subject to renewal before the trial court as a motion in limine, if appropriate.

4

testimony is relevant, material, and unobtainable by other means, the lawyer's testimony is 'necessary'") (citations omitted).

The undersigned is persuaded that Mr. Soboleski is likely to be a "necessary witness" in this matter.

As noted, Plaintiff has made allegations about the September 2019 Event in her Amended Complaint. The information of record indicates that four individuals were present at that event – Plaintiff, Mr. Soboleski, Mr. Brandon, and Mr. Brandon's fiancé, Emory Davis. Although Plaintiff has filed a declaration asserting that she does not intend to call Mr. Soboleski as a witness at trial because he would only corroborate a small portion of her information regarding the September 2019 Event, see Doc. 24 at ¶8, the facts concerning the September 2019 Event are in dispute.[2] In particular, Defendant has submitted a declaration of Mr. Brandon that describes his recollection of the September 2019 Event, and which appears to challenge certain allegations made by Plaintiff. See Doc. 23 at ¶¶16-25.

Given that Plaintiff is relying on the September 2019 Event as a basis for her claims, and further as it appears there are factual disputes as to what occurred during that event, information from the few individuals present,

---

[2] Plaintiff's declaration indicates that the September 2019 Event is referenced in paragraph 30 of her Amended Complaint. The September 2019 Event, however, is referenced in paragraph 30 of Plaintiff's original Complaint and paragraph 33 of her Amended Complaint.

including Mr. Soboleski, is relevant and material. There is also no indication that Mr. Soboleski's recollection of those matters can be obtained by other means.

Similarly, by virtue of his relationship with Plaintiff, Mr. Soboleski will likely be in a unique position to testify regarding Plaintiff's allegations of emotional distress.

### C. Substantial Hardship

The prohibition against a lawyer acting as an advocate and witness at a trial is not absolute, however; Rule 3.7 provides certain exceptions in that regard. Plaintiff contends that the third exception, which is found in Rule 3.7(a)(3), applies in this case. In particular, she argues that even if Mr. Soboleski is likely to be a necessary witness, he should nonetheless be allowed to represent Plaintiff at trial because disqualifying him would be a substantial hardship for her. Specifically, Plaintiff asserts that she has been unemployed since her employment with Defendant was terminated and "is a full-time student, and does not have the means to hire an attorney for a complex case like this." Doc. 20 at 10.

Although Mr. Soboleski, in Plaintiff's opposition brief, states that he "has taken this case *pro bono*," Doc. 20 at 10, Plaintiff's description of Mr. Soboleski's representation is different. In her declaration, Plaintiff states that she is "not paying Mr. Soboleski for his legal services in this matter, as he is

6

hired on a contingent fee arrangement." Doc. 24 at ¶4. She also states that to attempt to hire an attorney for trial would cause her substantial hardship as she does not have the means to pay for a trial attorney. Id. at ¶6.

This information, however, is not sufficient to demonstrate that the exception set out in Rule 3.7(a)(3) should apply here. Defendant has brought the Motion to Disqualify early in the development of this case; a pretrial order has not yet been entered. Further, attorneys who represent plaintiffs in employment and tort related actions are often retained under contingency arrangements, though there is no indication that Plaintiff has attempted to obtain other counsel to represent her.

### D. The Scope of Disqualification

Having found that Mr. Soboleski is likely to be a necessary witness and that the exception set forth in Rule 3.7(a)(3) does not apply, the next question concerns the scope of Mr. Soboleski's disqualification.

By its express terms, Rule 3.7(a) prohibits a lawyer from acting as an advocate and witness "at a trial," and one court in this district recently observed in a criminal case that "an attorney who is disqualified from advocating at trial may represent his client on non-trial matters absent a showing of other conflict of interest under Rules 1.7 or 1.9, such as involving

7

Case 1:21-cv-00069-MOC-WCM Document 27 Filed 09/10/21 Page 7 of 14

other current or former clients." USA v. Wells, 2019 WL 6040785, at *2 (citing Cunningham v. Sams, 161 N.C.App. 295, 299, 588 S.E.2d 484, 487 (2003)).³

The Motion to Disqualify seeks an order disqualifying Mr. Soboleski "from serving as counsel to Plaintiff." Doc. 17 at 1. However, during the hearing, Defendant acknowledged that case law interpreting North Carolina Rule 3.7 indicates that Mr. Soboleski could participate in some pretrial activities, even if he were to be disqualified at trial. See Cunningham, 588 S.E.2d at 487 ("Thus, it appears that even though an attorney may be prohibited from being an advocate during trial, the attorney may, nevertheless, represent his client in other capacities, such as drafting documents and researching legal issues"). As for the extent of those pretrial activities, Defendant contends that Mr. Soboleski should be prohibited from taking and defending any and all depositions in this matter.

Mr. Soboleski disagrees and argues that, if he is to be disqualified, it should only be for purposes of representing Plaintiff at trial.

Authorities construing North Carolina Rule 3.7 speak broadly about the attorney/witness's pretrial role; the North Carolina Court of Appeals found

---

³ Defendant has not argued that Mr. Soboleski is prohibited from representing Plaintiff at this time pursuant to Rule 1.7 or Rule 1.9. See also ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 1529 (1989) ("There also is the possibility that the lawyer who will be a witness on a contested issue at trial will have a conflict of interest that cannot be waived by the client under Rule 1.7").

8

that an attorney who could not represent a party at trial could nonetheless "represent his client in other capacities." See Cunningham, 161 N.C.App. at 299 (reversing portion of disqualification order prohibiting representation in matters outside of the trial). The North Carolina State Bar, in a formal ethics opinion, concluded that the prohibition on serving as an advocate and a witness does not apply to pretrial work, settlement negotiations, or assisting with trial strategy, and explained that "the underlying reason for the prohibition—confusion of the trier of fact relative to the lawyer's role—does not apply when the lawyer's advocacy is limited to activities outside the courtroom." North Carolina State Bar, 2011 Formal Ethics Opinion 1 (citing Ann. Model Rules of Prof'l. Conduct (6th ed. 2007), p. 364 (citing cases including Cunningham 161 N.C.App. at 299)).[4]

---

[4] Other courts have taken a similar view. See Droste v. Julien, 477 F.3d 1030, 1036 (8th Cir. 2007) ("Because Rule 4–3.7 on its face does not apply to pretrial proceedings, we believe the district court abused its discretion in making the disqualification motion effective immediately"); DiMartino v. Eighth Jud. Dist. Ct., 119 Nev. 119, 66 P.3d 945, 946 (2003) ("In most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage"); World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc., 866 F.Supp. 1297, 1303 (D.Colo.1994) ("Rule 3.7 applies only to an attorney acting as an advocate at trial. Thus, with the informed consent of the client, a lawyer who is likely to be a necessary witness may accept employment and continue to represent the client in all litigation roles short of trial advocacy") (internal quotations omitted)); In re Bahn, 13 S.W.3d 865, 873 (Tex.App.2000) ("[A]n attorney who is disqualified from representation at trial can continue to participate in the client's case until trial commences").

However, neither side has presented, and the Court has not located, authorities considering the specific question of whether an attorney/witness may take or defend pretrial depositions under North Carolina Rule 3.7.

Other jurisdictions have addressed the issue and some authorities have concluded that the taking of depositions by an attorney/witness is not prohibited. See Cerillo v. Highley, 797 So.2d 1288, 1289 (Fla. Dist. Ct. App. 2001) (concluding trial court erred in disqualifying counsel who would be witness at trial from participating in pretrial depositions); see also Ann. Mod. Rules Prof. Cond. §3.7 (noting that disqualification under Rule 3.7 is generally limited to representation at trial and citing, *inter alia*, ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 89–1529 (1989)("a lawyer may serve as an advocate in taking depositions of witnesses and engaging in other pre-trial discovery as well as in arguing pre-trial motions and appeals from decisions on those motions as long as the other requirements of Rule 3.7 are met")).

The weight of authority, however, appears to be to the contrary. See e.g., Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis, 253 F. Supp. 3d 997, 1018-19 (S.D. Ohio 2015) ("At the same time, most courts recognize that an attorney who intends to testify at trial may not participate in 'any pretrial activities which carry the risk of revealing the attorney's dual role to the jury.' In particular, a testifying attorney should not take or defend depositions") (collecting cases; internal citations omitted); Williams v. Borden Chemical,

Inc._, 501 F.Supp.2d 1219, 1221–22 (S.D. Iowa 2007) (allowing attorney-witness to represent client, but disqualifying the attorney both from acting as trial counsel and from "the taking of or appearance at depositions," noting "[d]epositions may be offered into evidence at trial," with the risk that counsel's dual role will be revealed to the fact-finder); see also McFarland v. McFarland, Nos. C084047MWB, C094047MWB, 2010 WL 547233, at *3 (N.D. Iowa Feb. 9, 2010) ("The courts have, however, carefully defined the capacity in which a lawyer-witness can participate in pretrial discovery").

Here, although it is unknown at this time what depositions, either for discovery or trial purposes, the parties may take, allowing Mr. Soboleski to participate in those depositions would be problematic. Deposition testimony is, of course, traditionally recorded by a court reporter and if Mr. Soboleski were to appear as counsel for Plaintiff during those proceedings, it may be possible to redact his name from the transcripts if any of them are offered at trial. However, it has become increasing common in litigation for deposition testimony to be videotaped as well as transcribed by a court reporter; masking Mr. Soboleski's participation in a videotaped deposition would be much more difficult, if not impossible, if that video were shown to the jury.[5]

---

[5] Both parties in this case have requested a jury trial.

Further, from the information before the Court at this time, it appears that Mr. Soboleski may have discoverable information regarding at least two disputed issues – the September 2019 Event and Plaintiff's claim for emotional distress. If he were to cross-examine witnesses regarding those topics, it could be difficult to determine whether his questions were based on Mr. Soboleski's personal recollection of the disputed issues as opposed to information obtained from other sources.

In addition, defense counsel has indicated her intention to take the depositions of all persons who were present at the September 2019 Event, including Mr. Soboleski. Allowing Mr. Soboleski to appear at his own deposition, in the dual capacities of fact witness and counsel for Plaintiff, would run the risk of significant confusion, including for defense counsel during the deposition as well as for the Court if any objections were to be raised relative to that testimony.

Therefore, under the circumstances presented here, the undersigned concludes that, while Mr. Soboleski should be allowed to attend depositions and participate in other pretrial activities such as settlement negotiations, legal research, and strategy discussions, he should not take or defend depositions. See McFarland, 2010 WL 547233, at *3 (attorney disqualified pursuant to Iowa Rule of Professional Conduct 32:3.7 was permitted to "represent the plaintiff in all pretrial matters, except that although he may

attend depositions in the case, he may not act as advocate during depositions, and he may not act as trial counsel").

In closing, the undersigned notes that the Motion to Disqualify has required the Court to consider only whether Rule 3.7 mandates Mr. Soboleski's disqualification; whether his representation of Plaintiff is a wise choice is a separate question. In that regard, the undersigned assumes that Mr. Soboleski will fully discuss with Plaintiff the instant ruling and the potential issues raised by his continued representation. See e.g., ABA Comm. on Ethics and Prof' l Responsibility, Informal Op. 1529 (1989) (explaining that "[i]t is incumbent upon the lawyer who expects to be a witness on a contested issue at trial and who serves as the lawyer in pre-trial proceedings to have another lawyer ready to serve as advocate for the client at the trial," and that "[t]he effect of potential withdrawal at trial (required under Rule 3.7) after handling the pre-trial proceedings must be explained fully so that the client may elect to have the lawyer who is to be trial advocate also handle pre-trial matters to assure greater efficiency and continuity of representation at lower cost").

**IT IS THEREFORE ORDERED** that the Motion to Disqualify (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Plaintiff's counsel, Sean Soboleski, is disqualified from representing Plaintiff at trial. This ruling, however, is without prejudice to a request for renewed consideration by the trial court at the time of trial, particularly if the circumstances of the case change.

(2) Mr. Soboleski is likewise disqualified from taking or defending depositions in this matter, though he may attend depositions.

(3) Except as allowed, the Motion to Disqualify is denied.

The clerk is respectfully directed to schedule an initial pretrial conference.

Signed: September 10, 2021

W. Carleton Metcalf
United States Magistrate Judge